**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                       No. CV 12-0444 BB/CG
                                                                     CR 05-0377 BB

CARLOS ADAN ALVARADO,

    Defendant.

MEMORANDUM OPINION AND ORDER

       This matter is before the Court on Defendant's Motion Pursuant to Fed. R. Civ. P. 60(a) (CV Doc. 2; CR Doc. 154). Defendant contends that his sentence was incorrectly calculated because of a mistake, oversight, or clerical error in his Pre-Sentence Report ("PSR") and in the Court's calculation. The clerk properly opened a civil case to accommodate possible construction of the pleading as a motion under 28 U.S.C. § 2255.

       On July 29, 2005, a jury found Defendant guilty of conspiracy and possession with intent to distribute 50 grams and more of methamphetamine (CR Doc. 78). On July 21, 2006, the Court entered a Sentencing Memorandum Opinion (CR Doc. 113). On September 28, 2006, the Court sentenced Defendant under the Guidelines to 262 months' imprisonment and entered judgment (Docs. 121, 122). The Court of Appeals for the Tenth Circuit affirmed the judgment (CR Doc. 125) on October 26, 2007, and then recalled and reissued the mandate (CR Doc. 127) affirming Defendant's conviction on April 30, 2008. On consideration of Defendant's claim and arguments, the motion will be denied.

       Defendant brings his motion under Fed. R. Civ. P. 60(a), which allows the Court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found." Because

civil rule 60 does not apply in a criminal proceeding, *see United States v. McCalister*, 601 F.3d 1086, 1088 (10th Cir. 2010), the Court liberally construes this *pro se* motion under Fed. R. Crim. P. 36, which allows the Court "at any time [to] correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission," *see Roman-Nose v. New Mexico Dep't of Human Servs.*, 967 F.2d 435, 436-37 (10th Cir. 1992) (noting that *pro se* characterization of claims is not dispositive).

No relief can be granted under Fed. R. Crim. P. 36, because Defendant does not assert an oversight or clerical error. His claim is that both the PSR and the Court mistakenly characterized a prior conditional discharge as a conviction for sentencing purposes. Objections to factual or legal matters are not authorized under rule 36. *See United States v. Hayden*, 10 F. App'x 647, 650 (10th Cir. 2001). The rule permits "correction in the formal record of a gap or error 'arising from oversight or omission.' " *Pattiz v. Schwartz*, 386 F.2d 300, 303 (8th Cir. 1968) (analyzing claim under Fed. R. Civ. P. 60(a)), *cited in United States v. Morales*, 108 F.3d 1213, 1224 (10th Cir. 1997); *and see United States v. Werber*, 51 F.3d 342, 347, 348 and n.16 (2d Cir. 1995) (allowing correction under Fed. R. Crim. P. 36 of transcription errors but not "error[s] of law"), *cited in United States v. Blackwell*, 81 F.3d 945, 949 (10th Cir. 1996). "[A] 'clerical mistake' should appear on the face of the record, leaving little need for adversary proceedings to clarify the issue." *Werber*, 51 F.3d at 347. As indicated in the Sentencing Memorandum Opinion (CR Doc. 113), the Court was clearly aware of the issue that Defendant now asserts. Relief from this asserted error of law may not be pursued under rule 36.

Alternatively, the Court declines to construe Defendant's motion as a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The issue that Defendant now raises was briefed before sentencing, and the one-year limitation period applicable to his sentence has long

expired.  *See United States v. Valadez-Camarena*, 402 F.3d 1259, 1261 (10th Cir. 2005) (holding that a district court does not abuse its discretion in declining to recast pleading as a § 2255 motion when relief would be "facially 'barred as untimely' "); *and see United States v. Holly*, 435 F. App'x 732, 735 (10th Cir. 2011); *United States v. Torres*, 282 F.3d 1241, 1246 (10th Cir. 2002).  The motion will be denied.

IT IS THEREFORE ORDERED that Defendant's Motion Pursuant to Fed. R. Civ. P. 60(a) (CV Doc. 2; CR Doc. 154), construed as a motion under Fed. R. Crim. P. 36, is DENIED; and this civil proceeding is DISMISSED.

*[signature: Bruce D. Black]*
UNITED STATES DISTRICT JUDGE