IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                      No. CV 12-0624 BB/KBM
                                                                      CR 05-0377 BB

CARLOS ADAN ALVARADO,

    Defendant.

MEMORANDUM OPINION AND ORDER

       This matter is before the Court on Defendant's Motion to Enforce Judgment (CV Doc. 1; CR Doc. 156). The motion asserts that in a pre-sentencing order (CR Doc. 113) the Court excluded from the calculation of Defendant's sentence a previous prosecution that had been "conditionally discharged." In the PSR and at sentencing, however, the conditionally discharged prosecution was counted as a prior conviction. Defendant asserted a similar claim in a prior motion (CR Doc. 154). He now seeks enforcement of the pre-sentencing order and reduction of his sentence. The clerk properly opened a civil case to accommodate possible construction of the pleading as a motion under 28 U.S.C. § 2255. On consideration of Defendant's claim and arguments, the Court will deny the motion.

       As noted in the order denying the earlier motion, on July 29, 2005, a jury found Defendant guilty of conspiracy and possession with intent to distribute 50 grams and more of methamphetamine (CR Doc. 78). On July 21, 2006, the Court entered a Sentencing Memorandum Opinion (CR Doc. 113). On September 28, 2006, the Court sentenced Defendant under the Guidelines to 262 months' imprisonment and entered judgment (Docs. 121, 122). The Court of Appeals for the Tenth Circuit affirmed the judgment (CR Doc. 125) on October 26, 2007, and then

recalled and reissued the mandate (CR Doc. 127) affirming Defendant's conviction on April 30, 2008.

The relief that Defendant seeks--correction and reduction of his sentence--if available, must be pursued under 28 U.S.C. § 2255.  The terms of § 2255 provide the exclusive avenue for an attack on a federal criminal conviction or sentence.  *See Baker v. Sheriff of Santa Fe County*, 477 F.2d 118, 119 (10th Cir. 1973); *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (§ 2255 "supplants habeas corpus").  Defendant's claims are expressly contemplated by § 2255: relief is available where "the sentence was imposed in violation of the Constitution or laws of the United States," § 2255, and his pro se characterization of his claims as seeking enforcement of an interlocutory order is not dispositive, *see Roman-Nose v. New Mexico Dep't of Human Serv.*, 967 F.2d 435, 436-37 (10th Cir. 1992).  In this circumstance,

> [D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.

*Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998), *quoted with approval in United States v. Kelly*, 235 F.3d 1238, 1242 (10th Cir. 2000)); *and see United States v. Torres*, 282 F.3d 1241, 1246 (10th Cir. 2002) (noting that re-characterization restrictions apply primarily to a first § 2255 motion).  In light of the rulings in *Kelly* and *Torres*, the Court concludes that it should not recharacterize Defendant's motion as a § 2255 motion unless it first notifies Defendant of possible consequences.

Alternatively, the Court declines to construe Defendant's motion as a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence.  The issue that Defendant now raises was

briefed before sentencing, (CR Doc. 113), and § 2255's one-year limitation period for an attack on his sentence has long expired. *See United States v. Valadez-Camarena*, 402 F.3d 1259, 1261 (10th Cir. 2005) (holding that a district court does not abuse its discretion in declining to recast pleading as a § 2255 motion where relief would be "facially 'barred as untimely' "); *and see United States v. Holly*, 435 F. App'x 732, 735 (10th Cir. 2011). No relief is available on Defendant's motion to enforce judgment, and the Court will deny the motion.

    IT IS THEREFORE ORDERED that Defendant's Motion to Enforce Judgment (CV Doc. 1; CR Doc. 156) is DENIED; and this civil proceeding is DISMISSED.

_____
UNITED STATES DISTRICT JUDGE