IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                                                  No. 1:5-cr-377-WJ

CARLOS ADAN ALVARADO,

    Defendant.

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S EMERGENCY MOTION FOR MODIFICATION OF HIS TERM OF IMPRISONMENT**

**THIS MATTER** is before the Court on Defendant's Emergency Motion Under the Extraordinary Dangerous Nature of the COVID-19 Outbreak among Federal Prison Population [Doc. 201], filed May 13, 2020.[1] Defendant is pro se and is serving a 240-month sentence at the Lompoc Federal Correction Complex with a projected release date in February 2022. Defendant "seeks modification of his current term of imprisonment to home confinement under the [Coronavirus Aid, Relief, and Economic Security Act ("CARES Act")] Confinement Provision." Doc. 201 (Defendant's Motion) at 1. In the alternative, Defendant requests "that his physical custody be transfer [sic] to special probation for the remaining two years of his sentence." *Id.* at 12–13. For the reasons stated in this Opinion, the Court finds that it lacks authority to modify Defendant's term of imprisonment to home confinement under the CARES Act and that Defendant's alternative request fails because Defendant has not established that he has satisfied 18 U.S.C. § 3582(c)(1)(A)'s jurisdictional prerequisites.

---

[1] Defendant did not file a reply. Defendant had until June 10, 2020 to do so. *See* D.N.M.LR-Cr. 47.8 ("A reply must be served within fourteen (14) days after service of the response.").

## DISCUSSION

Defendant first "seeks modification of his current term of imprisonment to home confinement under the CARES Act Confinement Provision." Doc. 201 (Defendant's Motion) at 1. The Court, however, does not have authority to dictate placements to the Bureau of Prisons. *See United States v. Cosby*, 180 F. App'x 13 (10th Cir. 2006) ("Neither this Court nor the District Court, however, have power to dictate placements to the Bureau of Prisons."). And the CARES Act does not authorize the Court to modify a defendant's term of imprisonment to home confinement; instead, it gives the Bureau of Prisons discretion to expand the use of home confinement during the COVID-19 pandemic. *See* CARES Act, Pub. L. 116-136, § 12003(b)(2) ("During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau [of Prisons], the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement."); *see also United States v. Read-Forbes*, 2020 WL 1888856, at *5 (D. Kan. Apr. 16, 2020) (explaining that the Court lacks jurisdiction under the CARES Act to order home confinement). The CARES Act does not give the Court authority to modify a defendant's term of imprisonment to home confinement. Accordingly, Defendant's request that the Court modify his term of imprisonment to home confinement under the CARES Act is denied.

In the alternative, Defendant requests "that his physical custody be transfer [sic] to special probation for the remaining two years of his sentence." Doc. 201 (Defendant's Motion) at 12–13. A "district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014). The compassionate release statute, 18 U.S.C. § 3582(c), permits the Court to modify a term of imprisonment; however, the statute has jurisdictional prerequisites that

must be satisfied before the Court can adjudicate the merits of the sentence modification request:

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment).

18 U.S.C. § 3582(c)(1)(A); *see United States v. Nash*, 2020 WL 1974305, at *2 (D. Kan. Apr. 24, 2020) (discussing 18 U.S.C. § 3582(c)(1)(A)'s jurisdictional prerequisites).

On April 27, 2020, Defendant submitted a request to be released on home confinement to the Warden of the Lompoc Federal Correction Complex. Doc. 202-1 (Defendant's Request for Home Confinement Release) at 3–7. The Warden liberally construed Defendant's request as a request for a compassionate release sentence reduction and, on May 13, 2020, denied it stating that Defendant's "concern about being potentially exposed to, or possibly contracting, COVID-19 does not currently warrant an early release from [his] sentence." Doc. 202-1 (Compassionate Release Review) at 1. In the denial letter, the Warden explained that Defendant "may commence an appeal of this decision via the administrative remedy process." *Id.* Defendant has not submitted any evidence to the Court showing that he has initiated an appeal.

The Court finds that Defendant has not established that he has satisfied 18 U.S.C. § 3582(c)(1)(A)'s jurisdictional prerequisites. The Bureau of Prisons did not file a motion on behalf of Defendant requesting that the Court modify Defendant's sentence; the 30-day lapse provision is not applicable because the Warden of Lompoc Federal Correction Complex acted on Defendant's request 16 days after he submitted it, and Defendant has not shown that he has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on his behalf. Accordingly, Defendant's request that the Court modify his sentence is denied.

## CONCLUSION

The Court lacks authority to modify Defendant's term of imprisonment to home confinement under the CARES Act, and Defendant has not established that he has satisfied 18 U.S.C. § 3582(c)(1)(A)'s jurisdictional prerequisites. **IT IS THEREFORE ORDERED** that Defendant's Emergency Motion Under the Extraordinary Dangerous Nature of the COVID-19 Outbreak among Federal Prison Population [Doc. 201] is **DENIED**.

_____
**WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE**